UNITED STATES, Appellee,

v

MICHAEL J. SMITH, Private, U. S. Marine Corps, Appellant

12 USCMA 564, 31 CMR 150

No. 15,008

December 15, 1961

Lieutenant Colonel M. G. Truesdale, USMC, argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Remmel H. Dudley, USMC, and Commander John D. Moroney, USN.

Major Elvin R. Coon, Jr., USMC, argued the cause for Appellee, United States. With him on the brief was Lieutenant Martin Drobac, USNR.

Opinion of the Court

KILDAY, Judge:

Upon his plea of guilty, accused was convicted by special court-martial for unauthorized absence, violating a lawful general regulation, and sleeping on post, in contravention of Articles 86, 92 and 113, Uniform Code of Military Justice, 10 USC §§ 886, 892 and 913, respectively. He was sentenced to bad-conduct discharge and confinement at hard labor for six months, together with partial forfeitures for the same term. The convening authority approved, except that he suspended execution of the discharge with provision for automatic remission, and the officer exercising general court-martial jurisdiction concurred in that action. Subsequently, a board of review in the office of The Judge Advocate General of the Navy affirmed the findings of guilty, but reduced accused's punishment to three months' confinement at hard labor and forfeitures of $30.00 per month for that same period. Thereafter, this Court granted accused's petition for review in order to consider his contention that his conviction of the Article 92 offense must be struck down.

The question thus posed is the same that was previously before this Court in United States v Wheeler, 12 USCMA 387, 30 CMR 387, decided last term. The regulation involved is Commander U.S. Naval Forces Philippines Instruction 5800.1E, November 5, 1958, prohibiting marriage in the Philippines without permission of the appropriate commander—the identical directive with which we were concerned in Wheeler—and the defense urges that the specification in question fails to

state an offense for the reason that "the order involved is illegal, void, and unconstitutional."

The same arguments were considered and rejected in United States v Wheeler, supra. The author of the present opinion has given careful study to both views advanced in that case, and is in accord with the position taken by the majority. For the reasons there set forth by the Chief Judge, the instant assignment of error must be resolved adversely to accused.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

For the reasons set forth in my separate opinion in United States v Wheeler, 12 USCMA 387, 30 CMR 387, I am of the view that a service regulation which purports to require an individual to obtain the written consent of his commanding officer in order to enter into marriage with another is an unlawful and unreasonable attempt to interfere in the personal affairs of the member concerned and is, therefore, void.

I would set aside so much of the findings of guilty as relate to violation of a lawful general regulation and order that charge dismissed, returning the record of trial to the board of review for reassessment of sentence.